IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02105-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

R. WILEY, Warden ADX, Florence, CO,
SHELBY MONTGOMERY, SIS USP, Marion IL,
MS. KRIST, SIA ADX, Florence, CO,
MR. J. T. SHARTLE, Associate Warden ADX,
MR. CHURCH, Captain ADX, Florence, CO,
MR. COLLINS, Unit Manager ADX, Florence, CO,
MR. SUDLOW, Case Manager ADX, Florence, CO, and
MS. CRUSE, Associate Warden ADX, CO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 3 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING REQUEST FOR RECUSAL

---

On November 20, 2006, the Plaintiff filed a Letter with the Court. In the Letter, Plaintiff seeks to disqualify me from the instant action. He states that it is clear that I am against him and that I have disregarded his claims of imminent danger. He further states that he appealed my November 3, 2006, Minute Order. Plaintiff's request for recusal will be denied because he fails to assert an appropriate legal basis for recusal.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

"[W]hat matters is not the reality of bias or prejudice but its appearance." ***Liteky v. United States***, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." ***United States v. Cooley***, 1 F.3d 985, 992 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. ***See United States v. Burger***, 964 F.2d 1065, 1070 (10th Cir. 1992).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." ***See David v. City & County of Denver***, 847 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. ***See Cooley***, 1 F.3d at 994; ***David***, 837 F. Supp. at 1095. There is as much an obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to recuse when there is occasion to do so. ***See Nichols v. Alley***, 71 F.3d 347, 351 (10th Cir. 1995); ***Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987). Where the issue of recusal under § 455(a) presents a close question, the balance tips in favor of recusal. ***See Nichols***, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. ***Id.*** at 351; ***Cooley***, 1 F.3d at 993; ***United States v. Gigax***, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. ***See Nichols***, 71 F.3d at

351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Plaintiff's reasons for recusal are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a).

IT IS ORDERED that Plaintiff's request for recusal (Doc. No. 22) is DENIED.

DATED January 3, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02105-BNB

Mikeal Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/3/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk