IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02105-BNB

MIKEAL GLENN STINE,

    Plaintiff,

v.

R. WILEY, Warden ADX, Florence, CO,
SHELBY MONTGOMERY, SIS USP, Marion IL,
MS. KRIST, SIA ADX, Florence, CO,
MR. J. T. SHARTLE, Associate Warden, ADX,
MR. CHURCH, Captain ADX, Florence, CO,
MR. COLLINS, Unit Manager ADX, Florence, CO,
MR. SUDLOW, Case Manager ADX, Florence, CO, and
MS. CRUSE, Associate Warden ADX, CO,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 0 2007

GREGORY C. LANGHAM
                   CLERK

---

ORDER TO ASSIGN COMPLAINT TO DISTRICT JUDGE AND TO MAGISTRATE
JUDGE AND TO DIRECT PLAINTIFF TO AMEND COMPLAINT

---

Plaintiff, Mikeal Glenn Stine, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at ADX Florence. Mr. Stine has filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court must construe the Complaint liberally because Mr. Stine is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

For the reasons stated below, Mr. Stine will be ordered to amend the Complaint and state why the Complaint and action should not be dismissed for failure to exhaust

the BOP's three-step, administrative-grievance procedure with respect to his asserted claims. Plaintiff also will be instructed to amend the Complaint and assert personal participation by all named Defendants.

Overall, Mr. Stine asserts a narrative of events that have taken place since 1997 involving his alleged cooperation with law enforcement regarding corrupt BOP staff members and staff members' involvement with arranged murders. He further asserts that he is not be housed with certain identified inmates.

It appears that Mr. Stine has failed to exhaust his claims through the BOP grievance system. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes, **see Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Stine is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Stine must "either attach copies of administrative proceedings or describe their disposition with

specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See** *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Stine has failed to exhaust administrative remedies for any one of his claims the entire complaint must be dismissed.

Mr. Stine asserts that he is not able to attach copies of any of the grievances that he has filed because no one has replied to his grievances. He further states that BOP staff members will not provide him with copies of grievance forms, and no one will answer the letters he has written. Mr. Stine's response to Question Two under Section F., "Administrative Relief" is vague and conclusive. Mr. Stine fails to state specifically when he attempted to file a grievance but was not allowed to do so or when he submitted a grievance that was not answered. He further fails to provide to the Court copies of written requests for grievance forms and a written response from prison staff members denying his request for the forms.

The Court also notes that Mr. Stine as late as September 25, 2006, was housed in a federal facility in Atlanta, Georgia. (Compl. at 3C.) Mr. Stine submitted a Letter to this Court on October 17, 2006, regarding the claims at issue in this Complaint. He then filed his claims on a Prisoner Complaint form on November 2, 2006. Even if Mr. Stine was able to file grievances regarding the conditions of his confinement at ADX Florence he would not have been able to exhaust his remedies by the time he submitted the Letter and the instant action was initiated. Therefore, Mr. Stine will be ordered to amend the Complaint and state why the Complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure prior to filing the instant action with respect to the asserted claims.

3

The Court also finds that most of the claims that Plaintiff sets forth involve incidents that have taken place prior to his placement at the facility where he currently is housed. With respect to Defendant Shelby Montgomery, venue is proper only in a judicial district where the defendant resides or a substantial part of the events giving rise to a plaintiff's claims occurred. 28 U.S.C. § 1391(b). Because Defendant Montgomery resides in Illinois, and the events giving rise to Plaintiff's claims against Defendant Montgomery occurred in Illinois, venue is improper in this Court.

As for the remaining Defendants, Plaintiff, must demonstrate how each of them personally participated in the asserted violations of his rights. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Mr. Stine was warned previously by this Court that his filings are redundant and unnecessary. To the extent that Plaintiff continues to inundate the Court with the same claims in supplemental documents including motions and letters, Plaintiff is instructed to include in the Amended Complaint all of the claims he has attempted to assert in the motions and letters that he has filed in the instant action. Mr. Stine is reminded that all claims he presents to the Court must be exhausted. Plaintiff further is instructed that the only document he is to file with the Court at this time is an Amended Complaint. If


Plaintiff files unnecessary documents the filings will be stricken.

The Court further notes that on January 8, 2006, Plaintiff filed a Letter with the Court. In the Letter, Plaintiff asks that the Court dismiss Document Nos. 2, 3, 5, 12, 18, 19, 21, 22, 23, 26, 28, and 29. The Court therefore, will order all these documents, except for Document No. 22, stricken from the record. Document No. 22 was denied by the Court on January 3, 2007. As for Document Nos. 7, 8, 9, 20, 33, and 34, the documents will be denied either as moot or as premature. Therefore, the only pending motion will be Plaintiff's " 'Emergency' Motion for Temporary Restraining Order and a Preliminary Injunction/ Evidentiary Hearing Requested, with Oral Arguments," Document No. 32.

Also on January 9, 2006, Plaintiff filed additional correspondence with the Court. In the filing, Plaintiff asserts that known members of the Aryan Brotherhood now have been located in the same range where he is housed in ADX. Due to Plaintiff's previous cooperation with BOP personnel regarding Aryan Brotherhood members, it appears that Plaintiff's Complaint should be drawn to a district judge for consideration of his request for injunctive relief. Plaintiff, however, still is required to abide by the instant Order and amend the Complaint as instructed. Accordingly, it is

ORDERED that the Complaint and action shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that Mr. Stine **within thirty days from the date of this Order** amend the Complaint in keeping with the instant order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Stine, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Stine submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Stine fails to file an original and sufficient copies of an Amended Complaint that complies with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed November 30, 2006, (Doc. No. 30) is denied as unnecessary. It is

FURTHER ORDERED that with respect to Document Nos. 7, 8, 9, 20, 33, and 34, the documents are denied either as moot or as premature. It is

FURTHER ORDERED that Document Nos. 2, 3, 5, 12, 18, 19, 21, 23, 26, 28, and 29 are ordered stricken from the Docket. It is

FURTHER ORDERED that the Clerk of the Court return to Mr. Stine the copies of the documents he attached to Document No. 40.

DATED January 10, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-02105-BNB

Mikeal Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER, two copies of Prisoner Complaint, and copies of attachment to document 40** to the above-named individuals on 1/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk