IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02105-WYD-PAC

MIKEAL GLENN STINE,

    Plaintiff,

v.

R. WILEY, Warden, ADX, Florence, CO;
SHELBY MONTGOMERY, SIS USP, Marion, IL;
MS. KRIST, SIA ADX, Florence, CO;
MR. J. T. SHARTLE, Associate Warden, ADX;
MR. CHURCH, Captain ADX, Florence, CO;
MR. COLLINS, Unit Manager ADX, Florence, CO;
MR. SUDLOW, Case Manager ADX, Florence, CO; and
MS. CRUSE, Associate Warden ADX, CO,

    Defendants.

_____

**ORDER**

_____

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on *pro se* Plaintiff's Emergency Motion for Temporary Restraining Order and a Preliminary Injunction/Evidentiary Hearing Requested, With Oral Arguments, filed January 3, 2007 (docket #32) (the "motion").  An evidentiary hearing concerning the allegations raised in the motion was held on January 16, 2007 and January 19, 2007.

By way of background, I note that this is a *pro se* prisoner civil rights case brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which Plaintiff generally alleges that

various federal officials have conspired to commit murder and assault in violation of his constitutional rights. Plaintiff is currently incarcerated at the U.S. Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado. On January 10, 2007, Magistrate Judge Boland issued an order noting numerous defects with Plaintiff's Complaint in this case. In the Order, Judge Boland notes that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies, that several allegations in the Complaint involve incidents arising in other jurisdictions, and that Plaintiff has failed to allege personal participation by each Defendant. Plaintiff was ordered to file an Amended Complaint within thirty-days of the Order, on or before February 9, 2007. In the instant motion, Plaintiff generally alleges that he is a target of the Aryan Brotherhood ("AB") due to his refusal to murder another inmate on behalf of the AB and because of his cooperation with law enforcement officials against members of the AB. Plaintiff also states that he has agreed to testify against certain Bureau of Prison ("BOP") officials in a case involving the murder of an inmate that was allegedly "arranged" by the BOP. Plaintiff states that because of these incidents, he is not to be housed around AB members or their associates, and that prison officials have nevertheless assigned him to units with AB members and other individuals Plaintiff allegedly "cooperated against." Plaintiff contends that he is in imminent danger of being murdered.

Since filing the motion on January 3, 2007, Plaintiff has filed several other documents containing additional allegations which he contends support his assertion that he is in imminent danger. In these letters (docket #s 41, 43, 49 and 50), Plaintiff

contends that Defendant Collins intentionally placed AB members on Plaintiff's "range" and that a third-party BOP official threatened him and told him that "accidents happen" and that she could "arrange for all doors to malfunction."

Plaintiff requests immediate injunctive relief including "state placement for transfer to FCI," that BOP remove him from any cell block housing AB members or their associates, and that BOP immediately create a protective custody unit for him at ADX.

II.     ANALYSIS

Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933). Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction. 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2951 (2d ed. 1995). Application for a preliminary injunction requires:

> (1) the movant will suffer irreparable harm unless the injunction issues;
>
> (2) there is a substantial likelihood the movant ultimately will prevail on the merits;
>
> (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and
>
> (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). If an injunction would "alter the status quo," the above factors must "weigh heavily and compellingly" in the movant's favor. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). For the reasons set forth below, I find that Plaintiff has failed to show that he

will suffer irreparable harm if his request for a temporary restraining order is denied, and has failed to demonstrate a substantially likelihood of success on the merits of his claims.

As an initial matter, I note that Plaintiff has, to date, failed to submit an Amended Complaint that would demonstrate he has exhausted his administrative remedies. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Because the substance of Plaintiff's Complaint asserts claims related to prison conditions, he must exhaust the available administrative remedies before asserting those claims in this case. Section 1997e(a) imposes a total exhaustion requirement on prisoners. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

As Judge Boland noted in his January 10, 2007 Order, Plaintiff was housed in a federal facility in Atlanta, Georgia as late as September 25, 2006. Therefore, even if Plaintiff was able to file grievances regarding the conditions of his confinement at ADX, he would not have been able to exhaust his remedies by the time he submitted the Letter that initiated this action on October 17, 2006. In addition, many of the allegations that support Plaintiff's request for a temporary restraining order and preliminary injunction took place in early January, 2007.

However, even if Plaintiff had exhausted his administrative remedies, I would still find that a temporary restraining order is not warranted in this case. In order to establish an Eight Amendment claim for failure to protect an inmate from harm by other inmates, a plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm . . . and that the prison official was deliberately indifferent to his safety." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). Evidence presented at the hearing and in response to Plaintiff's motion shows that Plaintiff is currently housed in a single-cell in Unit Z at ADX, where he is under supervision at all times, and not allowed to move within the institution without some form of supervision and not allowed unmonitored personal contact with staff or other inmates. The Government states that Plaintiff was recently scheduled to be moved to E Unit, which is a general population unit, but refused to move. According to the Government, if moved to E Unit, Plaintiff would continue to be single-celled and not have any physical contact with any other inmates. The Government further states that while Plaintiff has separation assignments from certain other inmates, none are currently housed in ADX.

Based on the materials provided by the Government, and the testimony presented at the hearing, I find that Plaintiff is not incarcerated under conditions posing a substantial risk of serious harm and is not in immediate danger of being harmed by other inmates. While Plaintiff has demonstrated a likelihood that he is or may be targeted by the AB due to information he either provided or offered to provide in a recent trial involving several high-ranking AB members, he has not shown a presently

existing threat from the AB.  Plaintiff complains that he is currently housed on the same cell range as a high-ranking AB member.  However, as discussed above, Plaintiff is housed in a single-cell and has no contact with other inmates.  In addition,  the Government presented testimony at the hearing that two guards are present any time a cell door is opened on Plaintiff's range. While Plaintiff argued at the hearing that there have been occasions where cell doors on his range have opened accidently, allowing inmates on the range to exist their cells, the possibility of such a incident occurring is remote and wholly speculative.  Plaintiff did not present evidence or argument at the hearing regarding the alleged threats he has received from BOP staff, and I find there is no evidence in the record to substantiate such threats.

I find that the circumstances under which Plaintiff is currently incarcerated do not give rise to a substantia risk of serious harm, or place him in imminent danger of serious harm such that he would be entitled to the relief sought in the motion.

In accordance with Judge Boland's January 10, 2007 Order, Plaintiff shall file an Amended Complaint on or before February 9, 2007.  I reiterate Judge Boland's warning to Plaintiff that if he continues to file unnecessary documents, he will be subject to sanctions. The only document Plaintiff shall file at this time is the Amended Complaint. Any further redundant and unnecessary filings shall be summarily stricken.

In conclusion, it is hereby

ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and a Preliminary Injunction/Evidentiary Hearing Requested, With Oral Arguments, filed January 3, 2007 (docket #32) is **DENIED**.  It is

FURTHER ORDERED that docket #'s 7, 43, 50, 57, 58, 59, and 60 are **DENIED AS MOOT**, It is

FURTHER ORDERED that Motion for Appointment of Counsel / Special Circumstances, filed January 11, 2007 (docket #46) is **DENIED AS PREMATURE**.

Dated: January 24, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge