IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02105-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

R. WILEY / Warden, ADX, Florence, CO;
JOHN T. SHARTLE /AW ADX - Florence, CO;
MS. KRIST /SIA /ADX - Florence, CO

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reopen Case** [Docket No. 198; Filed July 15, 2010] (the "Motion"). Although Defendants sought and received an extension of time to respond to the Motion [Docket Nos. 199 & 200], I may address the Motion at any time pursuant to D.C.COLO.LCivR 7.1C. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Application has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Motion be **DENIED**.

    In May 2007, *pro se* Plaintiff voluntarily dismissed this case without prejudice while a Motion to Dismiss was pending [Docket Nos. 129, 174 & 177]. Now, more than three years later, Plaintiff seeks to reopen the case under the guise that he has "accumulated new evidence" that "Defendants perpertrated [sic] fraud" to induce Plaintiff to voluntarily dismiss his case. *Motion* [#198] at 1. Plaintiff is under the misimpression that a dismissal

without prejudice means that he can reopen the present case. Rather, dismissal without prejudice means that Plaintiff may, if appropriate, file a new case addressing the issues raised in his prior dismissed case.[1] *See, e.g.*, *Barone v. United Airlines, Inc.*, 355 Fed. Appx. 169, 179 n.6 (10th Cir. 2009) (unpublished opinion) (noting that "voluntary dismissal without prejudice leaves the parties as though the action had never been brought" (citation omitted)); *Green v. Schroeder*, No. 05-cv-02634, 2006 WL 1182474, at *2 (D. Colo. May 2, 2006) (unpublished decision) (recognizing that a dismissal without prejudice permits a party "to file a new case addressing the same claims"). Given that Plaintiff has accumulated three strikes against him, and is also enjoined from filing new lawsuits, the Court is aware that the opportunities for Plaintiff to file a new case are severely limited. *See, e.g.*, *Stine v. Lappin*, No. 07-cv-01839, 2009 WL 2848849 (D. Colo. Sept. 1, 2009) (unpublished decision) (noting that Plaintiff has at least four strikes against him and enjoining future filing except in the rarest of circumstances).

In addition, I note that several of the allegations contained in the present Motion relate to circumstances and events which Plaintiff has included in pleadings in other cases and do not appear to be related to the present case. As recognized by Chief District Judge Wiley Y. Daniel, Plaintiff's attempts to raise new constitutional issues or alleged new injuries in a closed case are inappropriate [Docket No. 197]. In addition, to the extent that Plaintiff requests injunctive relief, such relief is not available when related to events that occurred after the filing of the operative complaint. *Teague v. Hood*, No. 06-cv-01800,

---

[1] In the alternative, to the extent that Plaintiff's Motion could be interpreted as a request to alter or be relieved from judgment pursuant to Fed. R. Civ. P. 59 or 60, the Motion is untimely as it was not filed within either twenty-eight days of or a year after the dismissal, respectively. Fed. R. Civ. P. 59(e) & 60(c).

2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unpublished decision) (noting that a preliminary injunction is inappropriate to address conduct that occurred after complaint was filed).

Further, I note that the allegations and request for relief contained in the Motion have been the subject of several cases Plaintiff has unsuccessfully attempted to file of recent date in this court and other courts across the country. *See, e.g.*, 10-cv-01766, 10-cv-01787, 10-cv-01803, 10-cv-03151 (D. Kan.), 10-cv-01103-UNA (D.D.C.). Plaintiff's suggestion that alleged newly discovery evidence or events that occurred after the present case closed somehow impact the outcome of his 2007 preliminary injunction hearing such that the present case should be reopened is a thinly-veiled attempt to circumvent the sanctions entered against him for his well-documented frivolous and malicious filings in other cases.

Finally, I note that Plaintiff has been instructed by Chief Judge Daniel on several occasions not to file motions or other pleadings in this closed case [Docket No. 177, 185 & 190]. The present motion is in direct violation of those prior orders. Plaintiff's conduct should not be countenanced and, therefore, the Court **RECOMMENDS** that the Motion be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

3

of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: August 10, 2010

BY THE COURT:
s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix